IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20-CR-189 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE ANTHONY SMITH, JR., | ) | |
| | ) | DEFENDANT'S SENTENCING |
| Defendant. | ) | MEMORANDUM |

Now comes Defendant, Kyle Anthony Smith Jr., by and through his counsel, Michael J.

Rendon, and respectfully submits this Sentencing Memorandum. Mr. Smith requests this

Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with

the purposes of 18 U.S.C. § 3553.


Respectfully submitted


/s/ Michael J. Rendon
Michael J. Rendon (0080565)
Attorney for Defendant
55 Public Sq., Ste. 2100
Cleveland, Ohio 44113
216-341-5840
mjrendonllc@gmail.com


1

## MEMORANDUM IN SUPPORT

### I.    DEFENDANT'S BACKGROUND

Defendant, Kyle Anthony Smith Jr. is a 39-year-old male citizen of the United States. Like many other individuals who engage in criminal conduct, Mr. Smith has suffered traumatic life experiences in his formative years. He was raised for a period of five years by his mother and his biological father who was an alcoholic. The couple separated after a five-year period and Mr. Smith remained with his mother who raised him as a single mother.

When Mr. Smith was eighteen or nineteen years old, distant cousins came to live with his family. Two of the cousins were young girls. One was six years younger than him and the other eight years younger. Mr. Smith was himself immature and began having a sexual relationship with the two girls. One of the girls became pregnant. It should be noted that each of the girls told police that the young Mr. Smith did not force, threaten or intimidate them to participate in sexual activity. As a result, it became known that Mr. Smith had been having sex with the girls who were at the time minors and he was prosecuted. He was convicted and served a seven-year prison sentence. Because of this prior conduct, Mr. Smith is subject to a minimum mandatory prison sentence of fifteen years and a term of supervised release of five years to life in this case.

### II.    THE OFFENSE CONDUCT

On August 11, 2020, Mr. Smith pled guilty, pursuant to Count 1 of the Indictment for Transportation of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 2252(b)(1); Count 2 Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1); and Count 3 Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2).

Mr. Smith has taken responsibility for having downloaded multiple images of child pornography (less than 50 and two videos). He further has taken responsibility for subsequently sending some of these images to himself via his email account kylesmithjr@ymail.com. However, he did not send them to anyone else or post them to a share folder.

### III.    OBJECTION TO PRESENTENCE INVESTIGATION REPORT GUIDELINE CALCULATION

In response to the Presentence Investigation Report (PSR), the defense notes two objections:

1) The first objection disputed the actual number of images due to 61 duplicate images counted as unique images. The defendant agrees that the final PSR has adequately addressed the objection.

2) The second objection disputes the total offense level calculation of 35 as reflected in paragraph 28 of the final PSR. The defense submits that the calculation should have included a 2-level reduction pursuant to USSG §2G2.2 (b)(1) which reads:

> If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.

Mr. Smith's conduct in this case meets all three requirements of § 2G2.2 (b)(1) and therefore a further decrease of two levels is appropriate. Based on the final PSR it would appear that it is undisputed that subsection (a)(2) (base offense level is 22) applies. The second requirement of § 2G2.2 (b)(1) is the defendant's conduct must be limited to the receipt or solicitation of material involving the sexual exploitation of a minor. Mr. Smith's actual conduct involved downloading child pornography and then sending it to himself via his own email account. The fact that he was charged with Transportation of Visual Depictions of Minors

3

Engaged in Sexually Explicit Conduct in Count 1 as a result of his incidental possession of a computer device containing his email account while in his truck during the performance of his duties as an interstate truck driver does not change the fact that his actual conduct was limited to the receipt or solicitation of the illegal material. Finally, Mr. Smith's actual conduct meets the third requirement that he did not intend to traffic in or distribute the illegal material. This is also undisputed. Mr. Smith was not charged with, nor admitted to or pled guilty to trafficking in child pornographic material. Since Mr. Smith's conduct meets all three criteria in USSG §2G2.2(b)(1), a two-level decrease in the total calculation is appropriate.

**IV.   EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.**

In fashioning an appropriate sentence, the Court cannot presume that the Guideline range is reasonable, rather, the Court must also consider the factors enumerated in 18 USC 3553(a) to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Section 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

4

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant… thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

IV.     **THE DEFENDANT'S SENTENCING REQUEST**

Mr. Smith has done everything he can to take responsibility for the crimes he has committed and to show genuine remorse. He willfully took responsibility for his conduct from the moment that the federal agents approached him and he has not wavered since. While Mr. Smith recognizes that his conduct was illegal, he also recognizes that although his conduct was limited to downloading and viewing the child pornographic images, and he had no role in the actual creation of these images, he admits "[w]ithout people like me looking at this stuff, there would be no need for it." (PSR paragraph 12).

Whether the Court agrees that USSG §2G2.2(b)(1) should apply and that a two-level decrease in the total offense level is appropriate, Mr. Smith will spend at least fifteen (15) years in prison for having downloaded and viewed less than fifty images of child pornography and two videos containing child pornography. While this conduct is perverted, Mr. Smith did not create this material. He did not directly injure anyone. He did not kill anyone. Of course, it is not to say that he did not indirectly harm someone. But there are defendants who kill and seriously injure others who do not receive a fifteen-year sentence.

Mr. Smith asks the Court to consider his traumatic experiences as a youth as described in the background section of this memorandum, which may have contributed to his clear psychological infirmity. Further, Mr. Smith asks that the Court adjust the Guideline calculations by applying USSG §2G2.2(b)(1) and subtracting two levels from the total offense level. Finally, Mr. Smith asks this Court to find that the minimum mandatory fifteen-year prison sentence is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

V.       **CONCLUSION**

Mr. Smith respectfully requests that this Honorable Court consider all of the enumerated factors of 18 U.S.C. § 3553(a) and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

/s/ Michael J. Rendon
Michael J. Rendon (0080565)
Attorney for Defendant
55 Public Square, Ste. 2100
Cleveland, Ohio 44113
216-341-5840
mjrendonllc@gmail.com

6

CERTIFICATE OF SERVICE


I hereby certify that on December 14, 2020, a copy of the Defendant's Sentencing

Memorandum was filed electronically. Notice of this filing will be sent by operation of the

Court's electronic filing system. Parties may access this filing through the Court's system.


Respectfully submitted,


/s/Michael J. Rendon
Michael J. Rendon
Attorney for Defendant